IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00031-RPM

DARCY LEE HOLM and
DONNA MARIE HOLM,

    Plaintiffs,
v.

DAVID KIRK LORENZEN and
THE VAIL CORPORATION,
d/b/a VAIL ASSOCIATES, INC.,

    Defendant.
_____

ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL
_____

    On August 13, 2008, the plaintiffs filed a Rule 59 motion and memorandum for a new trial, asserting error in permitting rebuttal testimony from Elizabeth Caveness; error in dismissing the plaintiffs' claims for fraud and Donna Holm's claim for negligent misrepresentation with an erroneous jury instruction and error in admitting evidence of David Lorenzen's acquittal on a criminal charge of sexual assault.  The Court has reviewed the plaintiffs' motion and memorandum and the defendant The Vail Corporation's response, filed September 2, 2008.  The Court agrees with the response to these claimed errors.  The rebuttal testimony of Ms. Caveness became necessary to rebut the plaintiffs' effort to suggest that Vail changed its website to delete the words "clean criminal record" only after learning of the incident on January 7, 2006, giving rise to this lawsuit.  The response provided by The Vail Corporation detailed its disclosure of Ms. Caveness and the contents of her testimony before trial and fully explained the failure to include her as a proposed witness in the final pretrial order.  The plaintiffs have

not challenged Vail's response by the filing of any reply. The significance of the timing of a change in the website to attempt to connect it to Vail's first knowledge of the Lorenzen incident would be an effort to present the change as a subsequent remedial measure which is not admissible to prove negligence under FRE 407.

The claim of both plaintiffs for fraud were dismissed under Rule 50(a). Taking all of the evidence in the light most favorable to the plaintiffs no reasonable jury could find that either of the plaintiffs was fraudulently induced to continue to request ski instruction services from David Lorenzen by any representations made by The Vail Corporation in its website or otherwise. Both of the plaintiffs were well acquainted with Mr. Lorenzen as a result of ten years of experience with him both professionally and personally. The essential element of reliance therefore was not proved. Additionally, the element of intent to defraud was not proved.

As to the dismissal by the Court of Donna Holm's claim of negligent misrepresentation, there was no evidence that she sustained any physical injury, an essential element of that claim under Colorado law. Additionally, the jury found that there was no misrepresentation by Vail, making any error in these rulings and in the jury instructions in this regard harmless.

Evidence of the acquittal of David Lorenzen in the criminal trial was admissible because of the testimony of Darcy's treating mental health counselor, Ms. Reiss. The claim for damages presented for Darcy Holm included all of the subsequent effects of the January 7, 2006, incident and the Court gave limiting instructions to prevent any possible prejudice.

Upon the foregoing, it is

ORDERED that the plaintiffs' Rule 59 motion for new trial is denied.

DATED: October 22nd, 2008

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior Judge